UNITED STATES DISTRICT COURT
FOR THE
CENTRAL ~~NORTHERN~~ DISTRICT OF ILLINOIS

ROBERT GILBERT,
    PETITIONER.         )
                              )
    V.                        )
                              )
ROBB JEFFERYS                  )  NO.
ADEWALE KUFORIJI          )
GALLOWAY                       )
HVERRE                         )
RICHARD G MORGENTHALER   )
MORRIS                         )
RICHARD L. MILES JR        )
SHANE A. TASKY             )
SIERRA TATE                  )
DOUGLAS E. MASON           )
CHRISTENSEN                )
MYERS                          )
COKE                           )
MR JHON DOE                 )
P ANDERSON                  )
S SMITH                        )
D CASEY                        )
FRERKING                    )
MS. CISQO                  )
MS. JANE DOE              )

    RESPONDENTS,

<u>AMENDED PETITION REFLECTING CIVIL SUIT IN LIEU OF SECTION 1983</u>
<u>FED R CIV PROC 15(a)(2)</u>

INMATE GILBERT NOW BRINGS THE INSTANT CAUSE OF ACTION IN RELATION OF GILBERT'S INITIAL PLEADING INVOLVING PRISON CONDITIONS. MR. GILBERT WAS HELD IN BIG MUDDY CORRECTIONAL CENTER FROM JANUARY 1ST 2022 UNTIL MAY 24, 2022 WHERE AS DESRIBED IN CHRONOLOGICAL ORDER MR GILBERT'S RIGHT TO RELIGION, DUE PROCESS, EQUAL PROTECTION, FREEDOM OF SPEECH, FREEDOM TO REDRESS AND RIGHT TO BE FREE FROM CREUL AND UNUSUAL PUNISHMENT IS IMPLEMENTED IN THE INSTANT PLEADING.

## HISTORY AND FACT PLEADING

UPON ARRIVAL AT THE BIG MUDDY C.C. ON JANUARY 1st 2022 PETITIONER GILBERT WAS HOUSED IN THE RECEIVING HOUSING UNIT OF BIG MUDDY FOR THE DURATION OF AND UNTIL FEBRUARY 8, 2022 WHERE THE PROPERTY DEPARTMENT HAD GIVEN MR. GILBERT THE REMAINDING ALLOWED PROPERTY FROM THE PROPERTY MR. GILBERT LEFT WITH FROM THE PRIOR PRISON. MR. MORRIS OF BIG MUDDY PROPERTY DID NOT ALLOW MR. GILBERT TO LOOK IN HIS PROPERTY AS MR. GILBERT WAS FORCED AND THREATENED TO SIGN THE INVENTORY FORM BY OFFICER MORRIS.

MR. GILBERT UPON GLANCING OF HIS PROPERTY MR. GILBERT NOTICED THAT HIS NECKLACE AND MEDALLION WAS MISSING. MR. GILBERT INQUIRED AND HAD WRITTEN A GRIEVANCE CONCERNING HIS MISSING CHAIN AND CHARM. IT WAS REVEALED THROUGH THE GRIEVANCE THAT OFFICER MORRIS DID NOT ALLOW MR. GILBERT TO POSSESS HIS CHAIN DUE TO I.D.O.C. HAD CHANGED THE RULES OF CHAIN WIDTHS.

DURING THE MONTH OF FEBRUARY 2022 WARDENS GALLOWAY, HVERRE AND MORGANTHALER HAD VISITED PETITIONER GILBERT IN THE RECEIVING HOUSING UNIT CONCERNING MR. GILBERT'S CHAIN, VISITS FROM THE WARDENS WERE DUE TO MR. GILBERT PLACING HIMSELF ON HUNGER STRIKE FOR EIGHT CONSECUTIVE DAYS. MR. GILBERT EXPLIANED TO ALL THREE WARDENS THATTHE CHAIN SHOULD BE ALLOWED BECAUSE MR GILBERT HAD POSSESSED HIS CHAIN DURING HIS STAY IN THE PREVIOUS PRISON, DISPITE ALL OTHER INMATES TRANSFERING INTO BIG MUDDY FROM OTHER PRISONS WHO WERE ALLOWED TO KEEP THIER CHAINS MR. GILBERT WAS STILL DENIED HIS RIGHT TO BE ALLOWED THE CHAIN HE CAME INTO BIG MUDDY WITH.

(2)

DISPITE MR. GILBERT SHOWING PROOF OF THE RECIEPT AND PERMIT OF HIS CHAIN NIETHER WARDEN ALLOWED MR. GILBERT TO POSSESS HIS CHAIN. MR. GILBERT EXPLAINED TO THE WARDENS THAT HIS CHAIN WAS PART OF HIS RELIGIOUS PRACTICE AND BELIEF AS DOCUMENTED IN HIS MASTER FILE OF BAPTISM. MR. GILBERT IMPLICATES THAT HE IS INTITLED TO RIGHT TO RELIGION THROUGH THE RELIGIOUS FREEDOM RESTORATION ACT, RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT AND THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.

ONE OF THE WARDENS REASON FOR DEPRIVING MR. GILBERT TO POSSESS HIS CHAIN WAS THAT MR. GILBERT HAD TO CHANGE HIS RELIGION BECAUSE BIG MUDDY HAD NO CHAPLIN TO ACCOMODATE BAPTIST. UPON REARCH FROM MR. GILBERT ITREVEALED THAT NO WHER IN THE INMATE HAND BOOK NOR THE ADMINISTRATIVE RULES INDICATED THAT UPON TRANSFERING FROM INSTITUTION TO INSTITUTION IT IS A PROSPECTIVE RULE THAT UNDER I.D.O.C. RULE AN INMATE RELINQUSHED HIS CHAIN ACCORDING TO NEW RULES DISPITE THE INCOMING INMATE POSSESSING HIS CHAIN PRIOR TO THE NEW RULE.

MR. GILBERT STATES THAT WITHOUT PUBLISHE RULES CONCERNING TRANSFERING INCOMING INMATES THE CONFISCATION OF HIS CHAIN WAS DISCRIMINATIVE AND OPPRESSIVE PRACTICES OF ALL THREE WARDENS WHICH VIOLATES EQUAL PROTECTION ALONG WITH IMPLICATING UNLAWFUL AND UNREASONAL SEIZURE.

IN THE MONTH OF MAY 2022 PETITIONER GILBERT HAD COMMITTED HIMSELF TO THE SUICIDE WATCH CELL DUE TO MR. GILBERT DEALING WITH DEPRESSION AND ANXIETY, MR. GILBERT WAS SEEN WHILE IN THE WATCH CELL BY MENTAL HEALTH PROFESSIONAL MS. CISQO AND MS. JANE DOE WHERE NOTHING WAS DONE UNDER ADMINISTRATIVE RULES TO SCRUTINIZE MR. GILBERTS PLEA TO PROTECT HIS RIGHTS.

DURING THE MONTH OF MAY MR. GILBERT HAD DECLARED ANOTHER HUNGER STRIKE WHICH AGAIN LASTED FOR EIGHT CONSECUTIVE DAYS THAT RESULTED IN ALL THREE WARDENS VISITING MR. GILBERT AND VERBALLY FROM WARDEN MORGAN-THALER STATEING TO MR. GILBERT IM LEAVING YOU ON HUNGER STRIKE I DONT CARE IF YOU DIE. MR. GILBERT SUSTAINED HEAD ACHES, DIZZINESS, KIDDNEY PAIN, LOSS OF THROAT MUSCLE, DEHYDRATION, WEAKNESS, DARK URINE AND WEIGHT LOSS OF THIRTY POUNDS.

MR. GILBERT STATES THAT THE MENTAL HEALTH DEPARTMENT OF BIG MUDDY FAILED TO PROTECT HIM AND FAILED TO INTERVENE BY CONTACTING LEGAL ATHORITIES TO PREVENT THE WARDENS FRON COMMITTING INVOLUNTARY MAN SLAUGHTER UPON MR. GILBERT. MR. GILBERT STATES THAT THE INSTANT PLEADING INVOLVES EMOTIONAL DISTRESS RESULTING IN INJURY FROM THE PHYSICAL BODILY DEPRECIATION AND THE SEIZURE OF HIS CHAIN, MR GILBERT'S INJURIES RESULTED FROM MR GILBERT'S MENTAL DEFICIENCIES NOT TO BE ABLE TO MENTALLY[ DEFEND HIMSELF].

WARDEN GALLOWAY IN THE MONTH OF MAY 2022 HAD SENT MR. GILBERT'S CHAIN OUT TO AN ADDRESS THAT WAS NO LONGER IN OCCUPANCY DISPITE MR. GILBERT ALERTING WARDEN GALLOWAY THAT A NEW ADDRESS HAD TO BE PUT ON THE PACKAGE OF THE CHAIN. WARDEN GALLOWAY WITHOUT DUE PROCESS OF ISSUING MR. GILBERT A CONFISCATION DOCUMENT MR. GILBERT LOSS HIS CHAIN WITHOUT REINBURSEMENT. MR. GILBERT CONTENDS THAT ALL THREE WARDENS WERE DELIBERATELY INDIFFERNT TO THE RIGHTS OF MR. GILBERT'S RIGHTS TO CHOICE OF RELIGION WHEN ALL THREE WARDENS STATED THAT MR. GILBERT HAD TOCHANGE HIS RELIGION IN ORDER TO POSSESS HIS CHAIN DUE TO THE CHAPLIN AT BIG MUDDY TEACHES CHRISTIANITY.

MR. GILBERT STATES THAT HIS RIGHT WERE VIOLATED AS AN AMERICAN WITH DISABILITIES UNDER 42 U.S.C. § 12102, SECTION 504 OF THE REHABILITATION ACT OF 1973. FOR EXAMBLE :

> NO QUALIFIED INDIVIDUAL WITH A DISABILITY SHALL, BY REASON
> OF SUCH DISABILITY, BE EXCLUDED FROM PARTICIPATION
> IN OR BE DENIED THE BENIFITS OF THE SERVICES, PROGRAMS,
> OR ACTIVITIES OF A PUBLIC ENTITY, OR BE SUBJECT TO DISCRIMINATION
> BY ANY SUCH ENTITY.

ESPECIALLY INSTITUTIONS RECEIVING FINANCIAL ASSISTANCE 42 U.S.C.§ 12132. ALSO 29 U.S.C. § 794.

## INDIRECT DEFENDANTS AND INTERVENING CLAIMS

MR. GILBERT FIVE MONTH STAY AT THE BIG MUDDY C.C. CAUSED EXTREME EMOTIONAL INJURY WHEREAS, MR. GILBERT WAS EXAMINED BY THE INSTITUTION MR. GILBERT WAS TRANSFERED TO AND DUE TO THE COMPLEX DESTRESS MR. GILBERT WAS DETERMIND TO BE SEVERLY MENTALLY ILL FROM HIS EXPERIENCES AT BIG MUDDY C.C.

MR GILBERT WAS FALSELY ACCUSED AND GIVING AN INMATE DISCIPLINARY REPORT THAT REFLECTED UNTRUE ACCUSATIONS. OFFICER TATE FALSIFIED FACTS WITHIN AN INFRACTION GIVING TO MR. GILBERT THAT ULTIMATELY LANDED MR. GILBERT IN THE SEGREGATION UNIT, THE FACTS THAT WERE WITHIN THE REPORT OF OFFICER TATE COINCIDENTALLY WERE SURROUNDED BY FACTS INVOLING MR. GILBERT'S RIGHT NOT TO BE ALLOWED POSSESSION OF HIS CHAIN. OFFICER FRERKING HAD SIGNED THE INFRACTION AS A WITNESS BUT UNDER I.D.O.C. RULES OFFICER FRERKING FAILED TO PROVIDE AN INDIVIUAL INCIDENT REPORT IN TURN VIOLATING MR. GILBERT'S DUE PROCESS RIGHTS. OFFICER MYERS AND OFFICER JHON DOE WERE REVIEWING OFFICERS BUT FAILED TO REVIEW THE FACTS THAT WOULD HAVE REVEALED INCONSISTANT FACTS BY WAY OF VIDEO FOOTAGE.

THE DISCIPLINARY REPORT OF OFFICER TATE VIOLATED MR. GILBERT'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT. OFFICER TATE'S REPORT NAMED OFFICER MORRIS AND WARDEN GALLOWAY IMPLICATING CONSPRICY AND RETALIATION. AT THE NOTICE STATGE INVOLVING MR. GILBERT BEING SERVED THE DISCIPLINARY REPORT OF OFFICER TATE OFFICER MILES SERVED THE DISCIPLINARY REPORT TO MR. GILBERT WHICH THE REPORT DID NOT HAVE THE FIRST PAGE OF THE REPORT WHICH MR. GILBERT WAS UNABLE TO REQUEST ANY WITNESSES, REQUEST INVESTIGATIONS, REQUEST ASSISTANCE OF STAFF TO PREPARE A DEFENSE, ASK FOR PREHEARNING CONTINUACE ETC...

OFFICER MILES VIOLATED ADDITIONAL DUE PROCESS PROTECTIONS BY SERVING MR. GILBERT THE DISCIPLINARY REPORT WHEN OFFICER MILES ATTENDED THE HEARING AS ADJUDICATION POSITION DISPITE OFFICER SERVING MR. GILBERT THE REPORT AS THE ACCUSOTORY ENTITY AND OFFICER MILES WAS ABLE TO BE A UNBIAS IMPARTIAL PARTY BY KNOWING THE FACTS WHEN THE REPORT WAS SERVED TO MR. GILBERT BY OFFICER MILES ALL IN VIOLATION OF I.D.O.C. OWN ADMINISTRATIVE RULE KNOWN AS 504 RULES.

OFFICER TASKY WAS THE CO-CHAIR STAFF AT MR GILBERT'S HEARING FROM OFFICER TATES FALSE CHARGES, OFFICER TASKY WAS MADE AWARE THAT OFFICER MILES IMPARTIALITY WAS IMPLICATED AT THE HEARING BY MR. GILBERT BUT OFFICER TASKY FAILED TO INTERVENE. EACH PROCEDURE FROM SEVICE TO THE HEARING WERE VIOLATINS AGAINST I.O.C.O. OWN RULES AND THE DUE PROCESS RIGHTS ENFORCED BY THE CONSTITUTION.

DISPITE OFFICER TASKY BEING MADE AWARE BY MR. GILBERT THAT MR. GILBERT PRESUBMITTED WITNESS REQUEST ETC.. AND AGAIN AT THE HEARING MR. GILBERT ASKING FOR CONTINUANCES EVERYTHING WAS DENIED AND IGNORED DISPITE MR. GILBERT STATING THAT OFFICER MILES USERPED MR. GILBERTS ABILITY TO HAVE A FAIRL HEARINGCONSISTANT WITH I.D.O.C. 504 RULES SUBSEQUENTLY MR

(6)

ON BOTH INFRACTIONS GILBERT WAS PUT IN SEG UNDER RULES THAT DIDNOT CARRY SEG TIME.

GILBERT WAS FOUND GUILTY OF THE FALSIFIED OFFENSES. DISPITE COPIES OF HAND WRITTEN DEFENSE TO THE HEARING COMMITTY OF OFFICER TASKY AND OFFICER MILES BOTH COMMITTEE MEMBERS TASKY AND MILES STATED IN THE FINAL SUMMARY REPORT THAT MR. GILBERT REQUESTED NO WITNESSES AND STATED THAT MR. GILBERT WAS AND PLEAD GUILTY. ACCORDING TO THE I.D.O.C0. RULES 504 THE OFFICER OF THE ISSUING DISCIPLINARY REPORT STATEMENT CAN NOT SUSTAIN A FINDING OF GUILT WHICH WAS INCONSISTANT WITH THE FINDING OF GUILTY AND THE HEARING PROCEDURE IN TOTAL. IN A TOTALITY MR. GILBERT WAS UNABLE TO DEFEND HIMSELF AT THE HEARING WITH OUT THE NOTICE REQUIREMENT CAPABILITY FORM THAT WAS EXCLUDED WHEN OFFICER MILES SERVED OFFICER TATE'S DISCIPLINARY REPORT TO MR. GILBERE.

WARDEN MORGANTHALER HAD SIGNED OFF ON THE SUMMERY REPORT OF OFFICER TATE, OFFICER MILES AND OFFICER TASKY SEEING THAT WARDEN MORGANTHALER WAS ONE OF THE PARTIES THAT VIOLATED MR. GILBERT'S RIGHT TO RELIGION AS DESRIBED IN THE ABOVED CLAIM. TIMES, DATES, DOCUMENTATION WILL BE TENDERED AT THE DISCOVERY STAGE.

### ADDITIONAL DUE PROCESS VIOLATION CLAIM

DUE TO ALL THE ATTACKS FROM STAFF AT THE BIG MUDDY C.C. MR. GILBERT WAS ISSUED A DISCIPLINARY REPORT FROM ASKING OFFICER MASON THAT MR. GILBERT STATED HE NEEDED TO SEE A CRISIS TEAM BUT WAS TAKING TO SEGRA- GATION, MR GILBERT EVENTUALLY DISCOVERED WHY HE WAS PLACED IN SEG WHERE THE DISCIPLINARY REPORT STATED FALSE COMMENTS. AGAIN SHOWING A PATTERN OFFICER MASON LISTED A WITNESS OF OFFICER CASEY IN WHICH OFFICER CASEY FAILED TO PROVIDE A SEPARATE ICIDENT REPORT AS I.D.O.C.

(7)

504 RULES REQUIRE. OFFICER ANDERSON AND OFFICER SMITH AS REVIEWING OFFICERS FAILED TO INVESTIGATE WHETHER THE FACTS WHERE TRUE BY CONSULTING MR. GILBERT BEFORE AFFIRMING THAT THE TICKET SHOULD PROCEED FORWARD IN ACCORD TO DUE PROCESS. AGAIN THE PATTERN VIOLATION OF OFFICER MILES SERVED THE DISCIPLINARY REPORT TO MR GILBERT WITHOUT THE WHITE PORTION OF THE DISCIPLINARY REPORT PRECLUDING MR. GILBERT THE ABILTY TO DEFEND HIMSELF AT THE HEARING ON THE DISCIPLINARY REPORT. IN ADDITION OFFICER MILES AS WELL AS THE ABOVE CLAIM CONCERNING OFFICER TATES DISCIPLINARY REPORT AGAINST MR. GIL-0 BERT OFFICER MILES CHECK THE BOX THAT THE INDIVIDUAL IN CUSTODYY REFUSED TO SIGN, THIS IN TURN IS A FORGED DOCUMENT.

WARDEN MORGANTHALER SIGN OFF TO THE SUMMARY WHICH WAS FABRICATED AND FALSIFIED THAT GILBERT'S STATEMENT SAID GILBERT PLEAD GUILTY, GILBERT HAD NO W AY TO DISPUTE THE ALLIGATIONS DUE TO OFFICER MILES EXCLUDING THE WHITE PORTION OF THE DISCIPLINARY REPORT THAT WAS UNLAWFULLY SERVED TO MR. GILBERT. WARDEN MORGANTHALER WAS MADE AWARE OF THE SUSPICIOUS CONDUCT OF OFFICER TASKY AND OFFICER MILES IN A GRIEVANCE FORWARDED TO WARDEN MORGANTHALER FROM MR. GILBERT.

MR GILBERT APPEALED THE PROCESS OF THE SERVED DISCIPLINARY REPORT TO THE I.D.O.C. ADMINISTRATIVE REVIEW BOARD IN SPRINGFIELD WITH A WRITTEN STATEMENT OF ABUSE OF PROCEDURE AND DOCUMENTATION ALONG WITH I.D.O.C. ADMINISTRATIVE RULES BUT THE APPEAL WAS DENIED AND THE WRONG STANDARD WAS USED BY THE CHAIRMAN OF SPRINGFIELD ADEWALE KUFORIJI AND THE DENIAL WAS SUSTAINED BY THE DIRECTOR ROB JEFFERYS*

(8)

* I.D.O.C. ADMINISTRATIVE REVIEW BOARD CHAIR MAN ADEWALE KUFORIJI VIOLATED MR. GILBERT'S DUE PROCESS RIGHT WHEN MR. KUFORIJI UNLWFULLY DIENIED MR. RELIEF DISPITE MR. GILBERT FORWARDING AND RAISING THAT A RECIEPT AND PERMIT EXSISTED SHOWING PROBFOF OWNERSHIP WELL BEFORE I.D.O.C. NEW CHAIN RULE WAS ESTABLISHED

## INJUNCTION REQUEST

PETITIONER GILBERT ASKS THAT THIS COURT GRANT A JURY TRIAL OR ORDER THAT A SETTLEMENT HEARING BE HELD FOR A REQUESTED AMOUNT OF 3,000 DOLLARS IN PUNITIVE, NOMINAL AND COMPENSATORY DAMAGES. PETITIONER GILBERT ALSO ASK THAT THIS HONORABLE COURT GRANT AN INJUNCTION OVER THE BIG MUDDY C.C. TO STOP VIOLATING PRISONERS DUE PROCESS RIGHTS INVOLING DISCIPLINARY INFRACTION HEARING AND SERVICE PROCESS. IN ADDITION MR. GILBERT ASK THAT THE COURT DIRECT I.D.O.C. ADMINISTRATIVE REVIEW BOARD TO PUBLISH THAT INCOMING TRANSFERS ARE TO RENDER THIER CHAINS DISPITE TRANSFERING INTO BIG MUDDY AND ALREADY POSSESSING THIER CHAINS AT THE PRIVIOUS PRISON.

MR. GILBERT ASK THAT THIS COURT DIRECT THE ADMINISTRATIVE REVIEW BOARD OF I.D.O.C. TO ALLOW MR GILBERT THE CHOICE TO HAVE MAILED IN THE SAME DEMENTION AND SIZE CHAIN AND CHARM THAT WARDEN GALLOWAY MALICIOUSLY DEPRIVED MR. GILBERT OF BY SENDING MR. GILBERT'S CHAIN OUT WITHOUT DUE PROCESS AND LOSING MR. GILBERT'S CHAIN AND CHARM.

*Robert Gilbert* (signature)

ROBERT GILBERT
6995 STATE ROUTE 146 EAST
VIENNA IL 62292
REG NO. B35431