IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT GILBERT, #B35431,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-02669-SMY |
| ) | |
| **ROB JEFFREYS,** ) | |
| **ADEWALE KUFORIJI,** ) | |
| **GALLOWAY,** ) | |
| **HVERRE,** ) | |
| **RICHARD G. MORGENTHALER,** ) | |
| **MORRIS,** ) | |
| **RICHARD L. MILES, Jr.,** ) | |
| **SHANE A. TASKY,** ) | |
| **SIERRA TATE,** ) | |
| **DOUGLAS E. MASON,** ) | |
| **CHRISTENSEN,** ) | |
| **MYERS,** ) | |
| **COKE,** ) | |
| **JOHN DOE,** ) | |
| **P. ANDERSON,** ) | |
| **S. SMITH,** ) | |
| **D. CASEY,** ) | |
| **FRERKING,** ) | |
| **MS. CISQO,** ) | |
| **and JANE DOE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Plaintiff Robert Gilbert, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Shawnee Correctional Center, brings this civil rights action under 42 U.S.C. § 1983 for alleged constitutional deprivations that occurred at Big Muddy River Correctional Center.[1] (Doc. 1). This case is before the Court for preliminary review of the

---

[1] Plaintiff's case was transferred to this District from the United States District Court for the Central District of Illinois on November 15, 2022. *Gilbert v. Jeffreys, et al.*, No. 22-cv-03198 (C.D. Ill. filed September 27, 2022).

Complaint under 28 U.S.C. § 1915A. Any portion that is legally frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant must be dismissed. *Id*. Before screening this matter, the Court will determine whether any claims or parties are improperly joined and subject to severance or dismissal. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Defendants violated Plaintiff's federal rights during his incarceration at Big Muddy River Correctional Center from January 1, 2022 through May 24, 2022. *Id*. at 1.

### Religious Interference

Plaintiff is a Baptist, who wears a chain and medallion as part of his religious exercise. During intake at Big Muddy in January 2022, Officer Morris confiscated both items. The officer forced Plaintiff to sign a statement confirming receipt of all property before looking through his belongings. When he discovered the religious items missing, Plaintiff filed a grievance seeking return of the property and, only then, learned that Officer Morris would not allow him to possess the items because the chain width violated the IDOC's updated regulations. Plaintiff wore the same chain and medallion without restriction at his previous facility, and he observed other inmates wearing similar chains at Big Muddy. The confiscation of his chain and medallion interfered with his religious exercise in violation of his rights under the First Amendment, Fourteenth Amendment, Religious Freedom Restoration Act (RFRA), and Religious Land Use and Institutionalized Persons Act (RLUIPA). *Id*. at 2.

### Hunger Strike No. 1

To protest, Plaintiff went on a hunger strike for eight days in February 2022. Wardens Galloway, Hverre, and Morgenthaler waited until the eighth day to intervene. When they did,

Plaintiff requested the return of his chain and medallion, explaining that he was permitted to wear them at his previous facility and noticed other inmates wearing similar necklaces at Big Muddy. He made clear that the chain and medallion were worn as part of his religious exercise as documented in his master file. The wardens denied his request for return of the property and told him to change his religion because no chaplain was available for Baptists. *Id*. at 2-3.

### Hunger Strike No. 2

Plaintiff went on a second hunger strike for eight days in May 2022, after checking himself into a suicide watch cell for anxiety and depression. As a result of this hunger strike, Plaintiff suffered from headaches, dizziness, weakness, kidney pain, dehydration, dark urine, and weight loss of thirty pounds. On the eighth day, Wardens Galloway, Hverre, and Morgenthaler visited him and said, "I don't care if you die." *Id*. at 3. Warden Galloway then mailed Plaintiff's chain and medallion to an old address, despite Plaintiff's request to use an updated address. Plaintiff was not compensated for his lost property.

As Plaintiff's mental health deteriorated, the prison's mental health staff, Ms. Cisqo and Jane Doe, took no steps to protect his rights. They failed to intervene and contact anyone with authority to prevent the wardens from letting him die. Plaintiff was ultimately classified as an inmate with "serious mental illness," triggered by the events that occurred in 2022. *Id*. at 3-4.

### ADA Claim

Plaintiff states that his rights were violated under the Americans with Disabilities Act, 42 U.S.C. § 12102, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. He offers no allegations in support of these claims. *Id*. at 5.

**False Disciplinary Ticket No. 1**

Officers Tate, Frerking, Myers, John Doe, and Miles issued Plaintiff a false disciplinary ticket on an unknown date for undisclosed reasons. The first page of the disciplinary report was missing, and the plaintiff had no opportunity to request witnesses, an investigation, a pre-hearing continuance, or any assistance of staff in preparation for his hearing. Following an unfair disciplinary hearing before Officers Miles and Tasky, Plaintiff was punished with segregation for violations of rules that did not "carry seg time." *Id*. Warden Morgenthaler signed off on the disciplinary decision. *Id*. at 5-7.

**False Disciplinary Ticket No. 2**

Officers Mason, Casey, Anderson, Smith, and Miles issued Plaintiff a second disciplinary ticket when he requested a mental health crisis intervention on an undisclosed date. *Id*. at 7-8. Plaintiff was also denied due process protections at the hearing before Officer Miles and Tate. He filed a grievance to notify Warden Morgenthaler of the due process violations. Plaintiff then filed an appeal with the Administrative Review Board Chairman Adewale Kuforiji. IDOC Director Rob Jeffreys affirmed the underlying decisions. *Id*. at 7-8.

## Discussion

Based on Plaintiff's allegations, the Court designates the following claims in Plaintiff's *pro se* Complaint:

**Count 1:** Galloway, Morgenthaler, Hverre and Morris interfered with Plaintiff's religious exercise by confiscating his chain and medallion, refusing to return them, and recommending he find a different religion in January and February 2022, in violation of the First Amendment, RLUIPA, and RFRA.

**Count 2:** Galloway, Morgenthaler, Hverre and Morris singled out Plaintiff for discrimination based on his religion in January and February 2022, when they confiscated his religious items, refused to return them, and recommended finding a different religion, in violation of the Fourteenth Amendment Equal Protection Clause.

**Count 3**: Galloway, Morgenthaler, and Hverre failed to timely intervene and protect Plaintiff from bodily harm when they waited until the eighth day of Plaintiff's first hunger strike to intervene and attempt to stop it in February 2022, in violation of the Eighth Amendment.

**Count 4:** Galloway, Morgenthaler and Hverre interfered with Plaintiff's religious exercise when they refused to return his chain and medallion at Big Muddy in May 2022, in violation of Plaintiff's rights under the First Amendment, RLUIPA, and RFRA.

**Count 5:** Galloway, Morgenthaler and Hverre singled out Plaintiff for discrimination based on his religion in May 2022, when they refused to return his religious items and intentionally mailed them to an old address, in violation of the Fourteenth Amendment Equal Protection Clause.

**Count 6:** Galloway, Morgenthaler, Hverre, Cisqo, and Jane Doe failed to timely intervene and protect Plaintiff from bodily harm caused by his second hunger strike in May 2022, in violation of the Eighth Amendment.

**Count 7:** Galloway, Morgenthaler, and Hverre, and Morris deprived Plaintiff of property (*i.e.*, chain and medallion) without due process of law, in violation of the Fourteenth Amendment.

**Count 8:** Claim against unidentified defendants for undisclosed misconduct that violated the ADA and/or Rehabilitation Act.

**Count 9:** Tate, Frerking, Myers, John Doe, Miles, Tasky, and Morgenthaler deprived Plaintiff of a protected liberty interest without due process of law by punishing him with segregation for Disciplinary Ticket No. 1, in violation of the Fourteenth Amendment.

**Count 10:** Mason, Casey, Anderson, Smith, Miles, Tate, Morgenthaler, Kuforiji, and Jeffreys deprived Plaintiff of a protected liberty interest without due process of law by punishing him for Disciplinary Ticket No. 2, in violation of the Fourteenth Amendment.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Preliminary Dismissals:**
**Defendants Christensen and Coke**

Defendants Christensen and Coke are both named as defendants in the Complaint but mentioned nowhere in Plaintiff's statement of the claim. (Doc. 1). To satisfy the pleading requirements described in *Twombly* and Rule 8, a plaintiff must provide a brief description of each person's misconduct in the body of the Complaint. *See* FED. R. CIV. P. 8(a)(2) (requiring a "short and plain statement" showing pleader is entitled to relief). Because these defendants are not mentioned, both will be dismissed without prejudice.

**Improper Joinder:**
**Counts 9 and 10**

Counts 9 and 10 are improperly joined. When compared to all other claims, Counts 9 and 10 involve different defendants, transactions, occurrences, facts, and legal theories. *See* FED. R. CIV. P. 18-21 (governing joinder of parties and claims). District courts have a duty to apply Rule 20 to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 grants district courts broad discretion when deciding whether to sever or dismiss them. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The Court will exercise its discretion and dismiss Count 9 against Defendants Tate, Frerking, Myers, John Doe, Miles, Tasky, and Morgenthaler and Count 10 against Defendants Mason, Casey, Anderson, Smith, Miles, Tate, Morgenthaler, Kuforiji, and Jeffreys. Plaintiff is free to pursue either or both claims in separate actions. Plaintiff should be mindful that a two-year statute of limitations applies to both claims.

## Section 1915A Review
## Counts 1 and 4

Counts 1 and 4 arise from Plaintiff's allegations of religious interference by Defendants Galloway, Morgenthaler, Hverre (Wardens) and Morris, in violation of the First Amendment, RLUIPA, and RFRA. This Court generally construes a state inmate's complaint that a prison official infringed on his religious rights as implicating claims under the First Amendment and RLUIPA, but not RFRA.[3]

The First Amendment prohibits prison officials from imposing a substantial burden on the free exercise of religion unless the burden is reasonably related to a legitimate penological interest. *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). RLUIPA offers broader protections than the First Amendment by prohibiting substantial burdens on "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); 42 U.S.C. § 2000cc-5(7)(A). Plaintiff's allegations state colorable claims against the wardens and Officer Morris in Count 1 and the wardens in Count 4. Both claims will proceed against these defendants.

## Counts 2 and 5

Plaintiff invokes the Fourteenth Amendment Equal Protection Clause in connection with his claim of religious discrimination in Counts 2 and 5. A prima facie case of discrimination under the equal protection clause requires a plaintiff to establish that he "is a member of a protected class," that he "is otherwise similarly situated to members of the unprotected class," and that he "was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904,

---

[3] In *City of Boerne v. Flores*, 521 U.S. 507 (1997), the Supreme Court struck down that portion of RFRA that extended its application to States and their subdivisions through Section 5 of the Fourteenth Amendment, and Congress responded by enacting RLUIPA for this purpose. *Holt v. Hobbs*, 574 U.S. 352, 356 (2015) (RFRA and RLUIPA are "sister statutes"). RLUIPA applies to state and local governments and those acting under color of state law. 42 U.S.C. § 2000cc-5(4).

916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501 (7th Cir. 1993) (citing *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)).

Plaintiff alleges that he was singled out for different treatment from other inmates because of his religion. These allegations support his claim under the Fourteenth Amendment Equal Protection Clause. Although he adds little, if anything, to his related claims in Counts 1 and 4 by invoking the Fourteenth Amendment Equal Protection Clause, the Court will allow him to pursue relief under this alternative legal theory. *See Soldal v. Cook County, Illinois*, 506 U.S. 56, 70-71 (1992) (it is not for the courts to pick and choose legal theories for a plaintiff on the ground that one may be a better fit than the other). Accordingly, Count 2 will proceed against the wardens and Officer Morris, and Count 5 shall proceed against the wardens.

**Counts 3 and 6**

Counts 3 and 6 arise from Plaintiff's two hunger strikes, both of which he alleges lasted for eight days before the defendants intervened. Prison administrators have "a right and a duty to step in and force an inmate to take nourishment if a hunger strike has progressed to the point where continuation risks serious injury or death." *Owens v. Hinsley*, 635 F.3d at 955 (citation omitted). However, if weight loss and discomfort are the only consequences of refusing to eat, an inmate's choice to go on a hunger strike does not implicate the Eighth Amendment. *Freeman v. Berge*, 441 F.3d 543, 547 (7th Cir 2006); *Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005).

Because Plaintiff describes no harm resulting from the first hunger strike in February 2022, Count 3 will be dismissed without prejudice for failure to state a claim against the wardens. Plaintiff alleges that as a result of the second hunger strike in May 2022, he suffered excessive weight loss, headaches, kidney pain, and dehydration that culminated in a mental health crisis and

8

his reclassification as an inmate with serious mental illness. These allegations are sufficient to allow Count 6 to proceed against the wardens, Cisqo, and Jane Doe.

### Count 7

Count 7 arises from the loss of Plaintiff's personal property, *i.e.*, chain and medallion. To state a Fourteenth Amendment claim, Plaintiff must establish a deprivation of liberty or property without due process of law. U.S. CONST. amend XIV. However, Plaintiff has no viable civil rights claim if the state provides an adequate remedy. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock*, 193 F.3d at 513 ("A prisoner has adequate process where an adequate post-deprivation remedy is available to redress unauthorized confiscations of property."). Count 7 will therefore be dismissed without prejudice to Plaintiff separately pursuing relief in the Illinois Court of Claims.

### Count 8

Count 8 asserts a claim for unspecified violations of the Americans with Disabilities Act, 42 U.S.C. § 12102, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. (Doc. 1, p. 5). Plaintiff names no defendants and sets forth no allegations in connection with the claim. As such, Count 8 will be dismissed without prejudice for failure to state a claim for which relief may be granted.

### Request for Injunctive Relief

In addition to money damages against individual defendants, Plaintiff seeks the following injunctive relief: (1) an order prohibiting Big Muddy from violating prisoner's due process rights at prison disciplinary hearings; (2) an order directing IDOC to publish its rule that incoming

transfers are to "[sur]render" their chains when transferring into Big Muddy from other institutions that allowed them; and (3) an order directing IDOC to allow Plaintiff the option of having a chain and medallion/charm of the same size he previously possessed mailed to him. *Id*. at 9. The Court construes Plaintiff's requests as requests for *permanent injunctive relief at the close of this case*.[4]

In light of the dismissal of Counts 9 and 10, Plaintiff's first request for injunctive relief is **DENIED** as **MOOT**. The second and third requests for injunctive relief pertain to the surviving claims in Counts 1, 2, 4, 5, and/or 6. To the extent these requests are not rendered moot by Plaintiff's transfer from Big Muddy before commencing this action, Plaintiff may address them in this case. The **CURRENT IDOC DIRECTOR (official capacity only)** shall be **ADDED** as a defendant for purposes of implementing any injunctive relief ordered in connection with (2) and (3) above.

## Pending Motions

Plaintiff's Motion to Appoint Counsel (Doc. 33) and Hold Status Hearing (Doc. 35) are **DENIED**. An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has shown no efforts to find an attorney. He has also demonstrated his ability to litigate this matter competently without representation, by filing a complaint that survives screening on his first attempt and related motions to move this case foward. Plaintiff may renew his request by filing a new motion, if *pro se* litigation becomes too difficult. Should he do so, he should submit copies of *at least* three letters from attorneys who have refused his requests for representation or a description of his efforts to find counsel on his own.

---

[4] Plaintiff has not requested interim relief in the form of a temporary restraining order and/or preliminary injunction under Federal Rule of Civil Procedure 65(a) or (b).

## Disposition

The Complaint (Doc. 1) survives screening under Section 1915A on the following counts:

- **COUNT 1** against **GALLOWAY, MORGENTHALER, HVERRE,** and **MORRIS** under the First Amendment and RLUIPA;

- **COUNT 2** against **GALLOWAY, MORGENTHALER, HVERRE** and **MORRIS** under the Fourteenth Amendment Equal Protection Clause;

- **COUNT 4** against **GALLOWAY, MORGENTHALER,** and **HVERRE** under the First Amendment and RLUIPA; and

- **COUNT 5** against **GALLOWAY, MORGENTHALER,** and **HVERRE** under the Fourteenth Amendment Equal Protection Clause;

- **COUNT 6** against **GALLOWAY, MORGENTHALER, HVERRE, CISQO** and **JANE DOE** (once identified) under the Eighth Amendment.

The following counts do not survive preliminary review:

- **COUNT 1** is **DISMISSED** with prejudice against **GALLOWAY, MORGENTHALER, HVERRE,** and **MORRIS** under RFRA;

- **COUNT 3** is **DISMISSED** without prejudice against **GALLOWAY, MORGENTHALER,** and **HVERRE** under the Eighth Amendment;

- **COUNT 4** is **DISMISSED** with prejudice against **GALLOWAY, MORGENTHALER,** and **HVERRE** under RFRA;

- **COUNT 7** is **DISMISSED** against **GALLOWAY, MORGENTHALER, HVERRE** and **MORRIS** without prejudice to Plaintiff separately pursuing relief in the Illinois Court of Claims;

- **COUNT 8** is **DISMISSED** without prejudice against Unidentified Defendants under the ADA and/or Rehabilitation Act;

- **COUNT 9** is **DISMISSED** against **TATE, FRERKING, MYERS, JOHN DOE, MILES, TASKY,** and **MORGENTHALER** for improper joinder herein and may be reasserted in a separate action before the two-year statute of limitations applicable to this § 1983 claim expires; and

- **COUNT 10** is **DISMISSED** against **MASON, CASEY, ANDERSON, SMITH, MILES, TATE, MORGENTHALER, KUFORIJI,** and **JEFFREYS** for improper joinder herein and may be reasserted in a separate action before the two-year statute of limitations applicable to this § 1983 claim expires.

The following individual defendants are **DISMISSED** without prejudice because the Complaint states no claim against them: **CHRISTENSEN** and **COKE**.

The Clerk of Court is **DIRECTED** to: **ADD** the **BIG MUDDY CORRECTIONAL CENTER'S CURRENT WARDEN (official capacity only)** as a defendant to identify Jane Doe; **ADD** the **CURRENT IDOC DIRECTOR (official capacity only)** as a defendant to implement any injunctive relief ordered in connection with (2) and (3) above; **SEND** Plaintiff two blank civil rights complaint forms for purposes of filing separate suits to pursue Counts 9 and 10, if he chooses; **ENTER** this Court's standard HIPAA-Qualified Protective Order; and **TERMINATE** the following defendants in CM/ECF: **ANDERSON, CASEY, CHRISTENSEN, COKE, FRERKING, JEFFREYS, JOHN DOE, KUFORIJI, MASON, MILES, MYERS, SMITH, TASKY,** and **TATE.**

As for **COUNTS 1, 2, 4, 5,** and **6**, the Clerk of Court shall prepare for **BIG MUDDY CORRECTIONAL CENTER'S CURRENT WARDEN (official capacity only), CURRENT IDOC DIRECTOR (official capacity only), GALLOWAY, MORGENTHALER, HVERRE, MORRIS, CISQO,** and **JANE DOE (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

The official capacity defendants need only appear in this matter. All other defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 10/25/2023**

*s/Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**