IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT GILBERT, #B35431, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 22-cv-2669-RJD |
| | ) |
| ROB JEFFREYS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections, filed this lawsuit pro se and in forma pauperis.  Plaintiff's original Complaint (Doc. 1) alleged that Defendants violated his First, Eighth, and Fourteenth Amendment rights, as well as his rights under the  Religious Land Use and Institutionalized Persons Act.  Plaintiff originally filed this case in the U.S. District Court for the Central District of Illinois.  After the case was transferred to this Court, U.S. District Judge Yandle conducted a threshold review of the Complaint pursuant to 28 U.S.C. §1915A, and some of the Defendants and some of Plaintiff's claims were dismissed without prejudice.  Doc. 36.

On February 7, 2024, Plaintiff filed a "Motion for Leave to Re-File 1983 Suit" in which he stated that he wanted to file a new case, noting that Defendants had raised the affirmative defense of failure to exhaust administrative remedies.  Doc. 65.  However, he did not want to pay the filing fees for the new case. *Id*.  Judge Yandle entered the following Order:

> ORDER DENYING 65 Motion for Leave to Re-File 1983 Suit Under Rule 15. There, Plaintiff seeks leave to file a new complaint. It is unclear whether he wants to file an amended complaint in this case OR voluntarily dismiss this case as premature and file a separate suit altogether. Plaintiff must decide. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing suit under 42 U.S.C. § 1983. Johnson v. Rivera, 272 F.3d 519, 521 (7th Cir. 2001). Filing an amended complaint in this case will not save Plaintiff's unexhausted claims. Filing a new suit after exhausting all

1

> available administrative remedies will preserve the claims, but will also require Plaintiff to pay an additional filing fee of $405 or $350 if he proceeds in forma pauperis (IFP). Because the Court cannot tell what Plaintiff intends, the motion is DENIED without prejudice. Plaintiff may file a separate suit any time by preparing and resubmitting a civil rights complaint form and new IFP motion, but he should be aware that a 2-year statute of limitations governs his claims. If he does choose to proceed with a separate suit and would like to dismiss this case, Plaintiff may file a Motion for Voluntary Dismissal under FRCP 41, which will result in dismissal of this action without prejudice. The Clerk's Office is DIRECTED to SEND Plaintiff a copy of this Court's standard complaint form, IFP motion, and Doc. 65-1, along with this Order.

Doc. 66.

Pursuant to the parties' consent, this case was assigned to the undersigned on March 21, 2024. Doc. 87. On March 26, 2024, Plaintiff filed a "Motion to Voluntarily Dismiss Civil Complaint in Lieu of Federal Rules of Civil Procedure 41." Doc. 88. The motion was labeled with the case number for this action, and states:

> The plaintiff respectfully asks this Honorable Court to please grant this motion to voluntarily dismiss the above caption case number and cause. The plaintiff states that he intends to refile the same issues/claims plus include all the dismissed defendants of the same case number as an exception altered cause of action namely an independent claim of retaliation in which this Court will recognize as a colorable claim.

Along with the motion, Plaintiff submitted a new civil rights complaint. Doc. 89. Considering that Plaintiff was previously warned of potential consequences for filing a new case, and also instructed on the steps necessary for filing a new case, it appears that Plaintiff has decided to dismiss this case and file a new one. None of the Defendants responded to Plaintiff's motion to dismiss.

Under Federal Rule of Civil Procedure 41(a)(2), the Court may dismiss a case at the plaintiff's request "on terms that the Court considers proper." Defendants' Motions for Summary Judgment on the issue of administrative remedy exhaustion are currently pending (Docs. 90 and 91), but even if the Court were to grant them, the dismissal would be without prejudice.

2

Considering that Defendants have no objection to Plaintiff's Motion to Voluntarily Dismiss (Doc. 88), this case is DISMISSED WITHOUT PREJUDICE.  The Clerk of Court is directed to enter judgment accordingly.  The Clerk of Court is also directed to open a new case with the Complaint submitted by Plaintiff in this matter (Doc. 89).

**IT IS SO ORDERED.**

**DATED:  May 23, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**